## Joseph Loring vs. Robert T. Alden.

A written submission to the arbitration of three men supersedes a previous or simultaneous oral agreement that two, who are named in the submission, shall be the arbitrators, with power to call in the third in case of disagreement ; and an award made by the two, in such case, is not binding.

Where a written submission was made to the arbitration of three, two of whom made an award without calling upon the third, and in an action on the award the plaintiff attempted to support its validity, on the ground that the parties varied the terms of the submission, by a subsequent agreement that two of the arbitrators might decide the case ; it was held, that in the absence of evidence of an express agreement of that kind, an implied agreement could be proved only by facts and circumstances which left no doubt.

THIS was an action of assumpsit to recover $389·10, under an award made by William Wright and Josiah L. C. Amee, dated December 30th 1836.

At the trial, before the chief justice, the plaintiff introduced a submission, signed and sealed by the plaintiff and defendant, and a former copartner, named Wright, dated February 27th 1834, by which they "agreed to submit their whole settlement, both as related to the firm and themselves respectively, and between themselves individually in their private accounts, to the determination of William Wright, Josiah L. C. Amee, and William B. Dorr ; the award of whom, or a major part of whom, should be final and binding, upon the parties."

The award, signed by Wright and Amee, was indorsed on the submission, and that part of it which respected the plaintiff and defendant only, was as follows :  " Boston, December 30, 1836.  The undersigned, two of the referees named in the within instrument, having met the parties, and by their consent proceeded, in the absence of the other referee, to examine the claims and demands submitted, do, after a patient and careful examination of the books and papers of the partnership, and also their respective private accounts and demands against each other, and the proofs adduced by them in support of the same, award as follows :  That Robert T. Alden pay to said Loring the sum of $389·10."

The plaintiff offered to show, that it was agreed between the parties that the two referees, who signed the award, should proceed without the third, who never had notice nor attended ; and for this purpose he called said referees as witnesses.

William Wright testified that the parties agreed that he and Amee should be the referees, with power, in case of disagree·ment, to choose a third, and that William B. Dorr was agreed upon, to be brought in, if necessary : That the submission was executed at the first meeting of the referees and parties : That there were several meetings, and that the defendant was present at the first and second ; but whether be attended the other meetings, the witness did not certainly recollect, but believed he did not : That after the first meeting, and several adjournments, the matter subsided for some time ; and then the witness, at the plaintiff's request, gave notice to the parties, and the award was made : That the defendant did not attend the last meeting : That the witness took effectual measures to have notice given to the parties of the meeting of the referees : That their first meeting was a preliminary one, and was held on the day when the submission was made ; and that the second was about a week afterwards : That all the books, papers and accounts were brought in, and all the evidence submitted, at the second meeting : That no witnesses were examined, and that the referees made up the accounts from the books : That there was a partnership book, and that each partner had a separate book, in which he charged himself with the money which he had : That nothing was done between the second meeting and the last, on account of the absence of the defendant, of which the other parties complained.

J. L. C. Amee testified to the same facts which were stated by Wright, and also that he had a conversation with the defendant respecting the award, within six months after it was made, and respecting the principles upon which it was made ; and that the defendant understood what the award was . That the witness did not furnish the defendant with a copy of it, and that the original was left in the hands of Wright, the other referee.

A nonsuit was entered, subject to the opinion of the whole court.

*Blake,* for the plaintiff.

*Goodrich,* for the defendant.

WILDE, J. This case has been ably argued, and numerous authorities have been cited by the plaintiff's counsel, in support of several principles of law, on which it is supposed the decision of the case must materially depend. We have not, however, found it necessary to consider these authorities, since we are of opinion that the case turns not upon any doubtful principles of law, or rule of evidence as to the admission of proof of a parol agreement to vary the terms of a written contract, but rather on the application of the law to the facts reported. It is admitted, that the award of the arbitrators, on which the action is founded, does not follow the terms of the written submission, and is not binding on the parties, unless those terms were altered subsequently to the submission. The argument of the plaintiff's counsel, accordingly, is founded on the assumption that such a subsequent agreement has been proved with sufficient certainty.

There is no evidence of any express agreement of the parties; as the plaintiff's counsel admits. Wright, one of the two arbitrators who signed the award, was examined as a witness, at the trial, and testified that the parties did agree that he and Amee, the other arbitrator, should be the referees, with power, in case of disagreement, to choose a third arbitrator, and that W. B. Dorr was agreed upon, to be brought in, if necessary. But it did not appear that this agreement was made subsequently to the execution of the written submission. On the contrary, it has been argued by the plaintiff's counsel, on the admission that this parol agreement was made before, or at the time, the parties executed the written agreement. This verbal agreement, therefore, was superseded and merged in the written submission. And the plaintiff's counsel relies upon another part of Wright's testimony, as presumptive proof of such a subsequent agreement; or rather he relies on the facts testified to by him, as sufficient to raise an implied promise, by the defendant, to perform the award.

Wright testified that the defendant attended the first and second meeting of the two arbitrators who afterwards made the award, and that, at the second meeting, all the books, papers and accounts of the parties, were brought in, and all the evidence submitted ; but that no witnesses were examined, and that the two referees made up the account from the books.    There were several meetings afterwards, at which the defendant did not attend.    The arbitrators state in their award, that they proceeded to hear the parties, by their consent, in the absence of Dorr, the other arbitrator.    On this evidence, the plaintiff's counsel contends, that the parties must be presumed to have waived the written submission, and to have substituted a new parol submission to the two arbitrators who have since made their award.    In support of this position, numerous authorities have been cited, and, among other cases, reference was made to the decision in *Cummings* v. *Arnold*, made at the present term.  (*Ante*, p. 486.)    But in that case there was evidence of an express new agreement, made after the written contract, varying its terms as to its performance.    In the present case, there is no such evidence ; but the plaintiff's counsel contends that there is sufficient evidence from which a subsequent parol agreement may be inferred.    The substance of the evidence is, that the parties appeared before two of the arbitrators named in the written submission, and made no objection to the hearing before them, when the books, papers and accounts of the parties were laid before the two arbitrators for their examination, in the absence of the third arbitrator.    But this is not sufficient evidence to warrant the inference that there was a subsequent agreement of the parties to submit their claims to the two referees only.    To justify such an inference, if it may be justified by law in any like case, the evidence must be clear, and the implication must be strong and free from all doubt.    Now it appears that when these books and papers were laid before the two arbitrators for examination, no witnesses were called by either party.    All the evidence, therefore, was in writing, and the parties might be willing that two of the arbitrators should examine the books, papers and proofs, under the ex

pectation that the other arbitrator would be called and consulted, before they should make their award. Several meetings of the two arbitrators were afterwards held, at which the defendant did not attend, and the award was not made until nearly three years after the second meeting when the defendant attended. This very unusual delay of the proceedings raises some doubt, (not very strong it is true,) whether the whole matter was not waived by mutual consent of the parties. The principal doubt, however, arises from the parol agreement made before or at the time of the written submission. The plaintiff offered to prove a subsequent parol agreement, varying the terms of the agreement in writing ; and to this point Wright was examined, and he testified that the parties did agree that he and Amee should be the referees, with power, in case of disagreement, to choose a third ; and that Dorr was agreed upon to be brought in, if necessary. But this parol agreement was not made after the one in writing, and was consequently superseded thereby, and not binding on the parties. This however accounts for the hearing before the two referees, designated by the parol agreement ; and there is little doubt that they thought it regular to proceed in that manner under the written agreement, supposing that Dorr, who was to be brought in, if necessary, was properly named in the submission as one of the arbitrators, in general terms, without specifying the manner in which the arbitrators should proceed. That the arbitrators labored under this mistake, appears by their award ; for the award refers only to the written submission. And Wright, in his testimony, refers to the parol agreement, as explanatory of their proceedings under the written agreement. From this view of the evidence, there is no reason to suppose there was any other parol agreement than the one proved by the testimony of Wright ; and as this was superseded or merged in the written submission, it was not binding, although the written submission might have been intended to conform to the parol agreement. But the parol agreement, although it cannot control or vary the terms of the submission, is strong presumptive evidence to rebut the inference on which the plaintiff's counsel depends in support of the award.

We are of opinion, therefore, that as the proceedings of the arbitrators were irregular, and were not in pursuance of the submission, the award is not binding, and the action on it cannot be maintained.

*Nonsuit to stand.*